John Calvin Grier, Jr. v. Commissioner. John Calvin Grier, Jr., and Alice Donaldson Grier v. Commissioner.
Grier v. Commissioner
Docket Nos. 51566, 51619.
United States Tax Court
T.C. Memo 1955-4; 1955 Tax Ct. Memo LEXIS 335; 14 T.C.M. (CCH) 14; T.C.M. (RIA) 55004; January 14, 1955
*335 Held, upon the facts and upon petitioners' failure to meet their respective burdens of proof, that the respondent is sustained with respect to application of (a) negligence penalties under the provisions of section 293(a) of the Internal Revenue Code of 1939; (b) penalty for failure to file declaration of estimated tax under the provisions of section 294(d)(1)(A); and (c) penalty for substantial underestimate of estimated tax under the provisions of section 294(d)(2). John Calvin Grier, Jr., pro se. No appearance for petitioner Alice Donaldson Grier. Alben E. Carpens, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion *336 Respondent determined deficiencies in income tax and penalties with respect to John Calvin Grier, Jr., for 1947 and 1948, and with respect to said Grier and Alice Donaldson Grier, his wife, for the years 1949 and 1950 as follows: 5% Penalty
10% Penalty
6% Penalty
Year
Tax
Deficiency
293(a)
294(d)(1)(A)
294(d)(2)
Docket No. 51566
1947
Income
$1,160.48
$ 58.02
1948
Income
916.31
45.82
Docket No. 51619
1949
Income
$ 686.50
$ 34.33
1950
Income
2,224.78
111.24
$325.76
$195.46
Because of concessions and uncontested adjustments reflected in the stipulation of facts filed herein, a Rule 50 decision is required. The amounts of the deficiencies in income tax for the years involved have been stipulated. The issues before us are (a) whether John Calvin Grier, Jr., is liable for negligence penalties for the years 1947 and 1948; (b) whether he and his wife are liable for negligence penalties for the years 1949 and 1950; (c) whether both are liable for penalties for failure to file declarations of estimated tax during the year 1950 and (d) whether both are liable for penalties for substantially underestimating estimated tax *337 for the year 1950. The proceedings were consolidated for hearing. Findings of Fact The case was presented upon stipulation of facts, oral testimony and exhibits. To the extent stipulated, the facts are incorporated herein by reference. The petitioners, John Calvin Grier, Jr., and Alice Donaldson Grier, are husband and wife and reside in Pinehurst, North Carolina. John Calvin Grier, Jr., is a physician and has been in medical practice since December 1946. The petitioner, John Calvin Grier, Jr., filed his individual Federal income tax returns for the taxable years 1947 and 1948 with the collector of internal revenue for the district of North Carolina. Agreements were executed extending the period of limitation upon assessment of his income tax for said years to September 30, 1953. The petitioners, John Calvin Grier, Jr., and Alice Donaldson Grier, filed joint Federal income tax returns for the years 1949 and 1950 with the collector of internal revenue for the district of North Carolina. Agreements were executed extending the period of limitation upon assessment of their income tax for 1949 to September 30, 1953. A statutory notice of deficiency covering the years 1947 *338 and 1948 was issued to the petitioner, John Calvin Grier, Jr., on September 28, 1953. A statutory notice of deficiency covering the years 1949 and 1950 was issued to the petitioners, John Calvin Grier, Jr., and his wife, Alice Donaldson Grier, on September 28, 1953. The following adjustments to the net income disclosed on the income tax returns of John Calvin Grier, Jr., for the years 1947 and 1948, and on the returns for John Calvin Grier, Jr., and Alice Donaldson Grier, his wife, for the years 1949 and 1950, together with the deficiencies attributable thereto, were stipulated by the parties: Year 1947
Net income as disclosed by return
$ 4,051.54
Unallowable deductions and additional income: Increase in gross receipts
$3,375.13
Decrease in business expense
478.97
3,854.10
Total
$ 7,905.64
Nontaxable income and additional deductions: Interest deduction
143.47
Correct Net Income
$ 7,762.17
Income tax deficiency due from petitioner
$ 975.95
Year 1948
Net income as disclosed by return
$ 5,613.02
Unallowable deductions and additional income: Increase in gross receipts
$2,707.42
Decrease in business expense
1,949.27
N.C. State auto license
10.85
4,667.54
Total
$10,280.56
Nontaxable income and additional deductions: Intangible tax
.35
Nonbusiness interest
312.25
Contributions
796.16
1,108.76
Correct Net Income
$ 9,171.80
Income tax deficiency due from petitioner
$ 813.72
Year 1949
Net income as disclosed by return
$ 7,806.68
Unallowable deductions and additional income: Increase in gross income
$1,043.73
Decrease in business expense
953.11
Decrease in damage of roof and basement
741.89
2,738.73
Total
$10,545.41
Nontaxable income and additional deductions: Increase in personal interest deduction
$ 345.66
Personal taxes
4.34
350.00
Correct Net Income
$10,195.41
Income tax deficiency due from petitioners
$ 462.46
Year 1950
Net income as disclosed by return
$ 8,082.94
Unallowable deductions and additional income: Increase in gross receipts
$4,384.10
Decrease in business expense
3,122.88
Decrease in capital loss
1,679.70
9,186.68
Total
$17,269.62
Nontaxable income and additional deductions: Increase in contributions
$ 455.81
Increase in taxes
7.50
463.31
Correct Net Income
$16,806.31
Income tax deficiency due from petitioners
$ 2,067.20
*339 The respondent recomputed the gross receipts of the petitioners for the years in question by the use of the bank deposits plus expenditures method. The petitioner, John Calvin Grier, Jr., acknowledged that he was responsible for the keeping and supervision of the records of his own private medical practice and that of a medical partnership to which he belonged. The petitioner, John Calvin Grier, Jr., filed no declaration of estimated tax for the years 1945 to 1950, inclusive, and made no payments to apply to any estimated tax for said years. The petitioner, Alice Donaldson Grier, filed no declaration of estimated tax for the years 1949 and 1950, and made no payments towards estimated tax during said years. Opinion FISHER, Judge: The deficiencies in income taxes for all of the years involved have been stipulated, and the issues before us relate to penalties determined by respondent. The first issue relates to the determination of negligence penalties for all of the years involved. Section 293(a) of the Internal Revenue Code of 1939 provides, where relevant, as follows: "Sec. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. (a) Negligence. - If any part of any deficiency *340 is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, * * *." Respondent's determination of the negligence penalties is prima facie correct, and petitioners, for the years in which they are respectively involved, face the burden of proof to the contrary. Gibbs and Hudson, Inc., (1936) 35 B.T.A. 205. The only evidence offered on behalf of petitioners consisted of generalized protestations of good faith and references to cooperation with the investigating agents after the investigation had begun. There is nothing in the record which may be accepted as a refutation of the imputation of negligence, and petitioners have, therefore, failed to meet their respective burdens of proof. We may add that there are affirmative indications in the record of negligence in both understatement of income and unallowable deductions, but since there is a clear failure to sustain the burden of proof, we find it unnecessary to find or analyze the detailed facts in reaching our *341 conclusion in favor of the respondent on this issue. The remaining issues, which may be considered together, relate to penalties for failure to file declaration of estimated tax and for substantially underestimating the estimated tax, both for the year 1950. The relevant provisions of section 294(d)(1)(A) and (2) of the Code are as follows: "Sec. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *
"(d) Estimated Tax. - "(1) Failure to File Declaration or Pay Installment of Estimated Tax. - "(A) Failure to File Declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 *342 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35. [Italics supplied.] * * *
"(2) Substantial Underestimate of Estimated Tax. - If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals other than farmers exercising an election under section 60(a), * * * exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. * * *." The stipulation of facts establishes that neither of the petitioners filed an estimated declaration of tax for the year 1950 or made payments to be applied to the estimated tax. Again the determination of the penalties by the respondent for failure to file such declaration or make the required payments is presumed to be correct, and the burden *343 of proof is upon the petitioners. G. E. Fuller (1953) 20 T.C. 308, 315, 316 (aff'd C.A. 10) 213 Fed. (2d) 102. The petitioners do not contend that the law did not require the filing of a declaration of estimated tax and the payment of appropriate amounts of taxes in relation thereto. Again the only evidence offered on their behalf is that which has already been characterized in discussing the issue relating to negligence penalties. Since petitioners admit they failed to file a declaration of estimated tax, it was incumbent upon them, in relation to the proposed penalty under section 294(d)(1)(A), to demonstrate that the failure was "due to reasonable cause and not to willful neglect." This they have failed to do, and we must again hold for the respondent. In the light of the previous discussion, we may dispose of the issue relating to the penalty imposed under section 294(d)(2) for substantial underestimate of estimated tax by a brief quotation from our decision in G. E. Fuller, supra, in which we said, in part (p. 316): "The failure of petitioners to file declarations of estimated tax within the time prescribed for each of these years necessarily *344 resulted in a substantial understatement of estimated tax. We can not agree * * * that because they filed no declaration of estimated tax under section 294(a)(1), they can not be held to have violated section 294(d)(2) for making a substantial underestimate of the estimated tax. The regulation provides that when a declaration of estimated tax is not filed, the amount of the estimated tax, for the purpose of the provisions of section 294(d)(2) shall be zero, and that is the basis used by respondent in computing the deficiency under this subsection. * * * The regulation is couched in the same language used by Congress in its Conference Report on legislation covering this subject and follows the procedure therein prescribed. It therefore appears that the regulation actually reflects, rather than distorts, the will of Congress, and we uphold its validity." Decisions will be entered under Rule 50.